Michael SPALL, et al., Plaintiffs,

v.

NCL (BAHAMAS) LTD., Defendant.

Case No. 1:16–cv–20398–UU

United States District Court, S.D. Florida.

Signed April 6, 2016

Entered 04/07/2016

Todd Jordan Michaels, Federal Public Defender's Office, Philip Dixon Parrish, Miami, FL, for Plaintiffs.

Darren Wayne Friedman, Jeffrey Eric Foreman, Rachael Mitchell Fagenson, Foreman Friedman, P.A., Miami, FL, for Defendant.

## ORDER

Ursula Ungaro, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Lines' Motion to Dismiss Plaintiffs' Complaint. D.E. 10.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and Demand for Jury Trial. D.E. 1. Plaintiffs, Michael Spall and Karen Spall, are the appointed Co-Representatives for the Guardianship of David Spall. *Id.* ¶ 1. Plaintiff, David Spall ("Plaintiff"), was deemed an incompetent person in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on December 1, 2015. *Id.* Defendant, NCL (Bahamas), Ltd. ("Defendant"), owned, operated, managed, maintained, and/or controlled the vessel, the *Norwegian Getaway*, and is in the business of providing cruises to the public aboard its vessel for compensation. *Id.* ¶¶ 6, 15.

On November 29, 2014, Plaintiff was a paid passenger on Defendant's vessel, the

*Norwegian Getaway*, for a cruise which was scheduled to set sail on November 29, 2014 and end on December 6, 2014. *Id.* ¶ 18. Around approximately 4:15 p.m. on November 29, 2014, Plaintiff and his companions went to the ship's dining room to eat from the buffet line. *Id.* ¶ 25. Immediately upon Plaintiff's arrival at a table with his tray of food, Plaintiff collapsed to the floor. *Id.* Plaintiff's companions noticed fluid emitting from Plaintiff's mouth, and Plaintiff had urinated. *Id.* ¶ 26.

Defendant's medical and/or non-medical personnel responded and did not allow any other person to assist in attending to Plaintiff. *Id.* ¶ 27. Upon arrival in the dining area, Defendant's medical and/or non-medical personal did not evaluate Plaintiff for choking, did not perform the Heimlich maneuver, and did not administer CPR. *Id.* ¶ 28. Defendant's personnel then loaded Plaintiff into a wheelchair and took him to the infirmary. *Id.* ¶ 31. Defendant's physician removed meat bolus from Plaintiff's hypopharynx, and CPR was continued. *Id.* ¶ 33. Plaintiff then regained a palpable pulse, but he remained unresponsive. *Id.* ¶ 34. Defendant's failure and delay in taking reasonable responsive measures to Plaintiff's condition resulted in prolonged loss of oxygen to Plaintiff's vital organs. *Id.* ¶ 35. Plaintiff was evacuated from the ship via helicopter to a medical facility in Miami, Florida. *Id.* ¶ 36.

On February 3, 2016, Plaintiffs, Michael Spall and Karen Spall, as Co-Representatives of the Guardianship of David Spall (collectively, "Plaintiffs"), filed this suit against Defendant. D.E. 1. Plaintiffs allege the following claims arising under this Court's maritime and admiralty jurisdiction: (1) negligence, (2) negligence for the acts of Defendant's medical staff based upon a theory of *respondeat superior* and/or vicarious liability, (3) negligent hiring/retention of Defendant's medical staff, (4) apparent agency for the acts of Defen-

dant's medical staff, and (5) negligent undertaking by Defendant's medical and non-medical crew. D.E. 1 ¶ 4.

On February 26, 2016, Defendant filed its Motion to Dismiss Plaintiffs' Complaint. D.E. 10. In its Motion, Defendant argues that Plaintiffs' negligence claim against Defendant should be dismissed for the following reasons: (1) Plaintiffs are improperly seeking to expand the duties owed by Defendant to its passengers, including Plaintiff; (2) Plaintiffs failed to sufficiently allege that Defendant had notice of a risk-creating condition; and (3) Plaintiffs have failed to allege that any of Defendant's breaches proximately caused Plaintiffs' injuries.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In considering a motion to dismiss for failure to state a cause of action, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] ... a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955)).

## ANALYSIS

In its Motion, Defendant moves to dismiss Plaintiffs' negligence claim against Defendant. Specifically, Defendant argues: (1) Plaintiffs are seeking to impose duties of care upon Defendant that are not supported by law; (2) Plaintiffs' Complaint does not contain any factual allegations relating to hazards and/or dangerous conditions against which Defendant had a duty to warn; and (3) Plaintiffs do not sufficiently allege proximate causation. The Court separately considers each of Defendant's arguments.

### A. Duty

Defendant argues that Plaintiffs are improperly seeking to expand the duties owed by Defendant to Plaintiffs that are not permitted by law. D.E. 10. In responding, Plaintiffs argue that it sufficiently pleaded Defendant owed its passengers a duty to use reasonable care under the circumstances, and furthermore, that Defendant's discussion of the Eleventh Circuit Court of Appeal's case, *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014), renders a number of Defendant's arguments moot. D.E. 16.

■ To plead a negligence claim under maritime law, a plaintiff must allege that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). A shipowner is only liable to its passengers for medical negligence if its conduct breaches the carriers's more general duty to exercise "reasonable care under the circumstances." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1233 (11th Cir. 2014) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 410, 3 L.Ed.2d 550 (1959)). A cruise line must treat its passengers with "ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

■ In their Complaint, Plaintiffs allege that Defendant had a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. D.E. 1 ¶ 38. For purposes of this Motion to Dismiss, the Court does not agree with Defendant's argument that Plaintiffs have "expanded the duties owed by Norwegian." Rather, the Court finds that Plaintiffs have sufficiently pleaded the appropriate standard of care that a vessel owner owes its passengers under well-established precedent within this Circuit.

Defendant conflates Plaintiff's allegations relating to the <u>duty</u> imposed upon Defendant with Plaintiffs' allegations pertaining to Defendant's <u>breaches</u> of this duty. Defendant points to the allegations contained within paragraph 42 to argue that Plaintiffs are seeking to expand the duties owed by Defendant. However, as addressed by Plaintiffs in their Response, the allegations in paragraph 42 relate to Defendant's breaches of that duty, not to

the specific duty that Defendant owes its passengers.

The Court is unsure whether Defendant's Motion to Dismiss is a form Motion to Dismiss that has not been updated, or whether Defendant failed to fully analyze the Eleventh Circuit's thorough and well-reasoned opinion in *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014). But, in its Memorandum of Law, Defendant primarily cites to *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364 (5th Cir. 1988), a case that was heavily distinguished and, in fact, overruled in part by *Franza,* as well as case law that predates the Eleventh Circuit's decision in *Franza.* In *Franza,* the Eleventh Circuit held "the precise contours of [a vessel's] duty depend on questions of fact that need not and cannot be answered" at the motion to dismiss stage. 772 F.3d at 1254. The Court does not find the cases cited by Defendant are applicable to the facts of this case in light of the Eleventh Circuit's decision in *Franza.* Moreover, in reviewing the facts of *Franza,* the Court finds Plaintiffs' allegations are similar to the allegations pleaded in *Franza,* which the Court deemed to be sufficient for purposes of stating a plausible medical negligence claim. Accordingly, Defendant's Motion to Dismiss is denied to the extent that Defendant argues Plaintiffs failed to sufficiently allege the precise duty owed to Defendant's passengers.

**B. Failure to Warn**

Defendant argues that Plaintiffs' Complaint does not contain any factual allegations regarding the hazards and/or dangerous conditions against which Defendants had a duty to warn. D.E. 10. Defendant also argues that Plaintiffs failed to allege that Defendant had actual or constructive notice of such hazards or dangers. In their Response, Plaintiffs fail to respond to this argument in a meaningful manner.

■ It is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers. *Witover v. Celebrity Cruises, Inc.*, 161 F.Supp.3d 1139, 1146 (S.D. Fla. Feb. 4, 2016). "[W]here a menace is ... encountered on land and [is] not clearly linked to nautical adventure," *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989), "the exercise of reasonable care is defined as the duty to warn of dangers on shore that are not open and obvious, of which the cruise line had actual or constructi[ve] knowledge, and that exists in places where passengers are invited or reasonably expected to visit." *Lapidus v. NCL Am. LLC,* 924 F.Supp.2d 1352, 1356-57 (S.D. Fla. 2013). A defendant has no duty to warn a plaintiff about dangers that are open and obvious. *Magazine v. Royal Caribbean Cruises, Ltd.*, No. 12-23431-CIV, 2014 WL 1274130, at *5 (S.D. Fla. 2014).

■ In their Complaint, Plaintiffs allege in a conclusory fashion that Defendant "fail[ed] to warn of dangers and/or hazards, related to medical care on board the ship, that NCL knew or should have known about." D.E. 1 ¶ 42(e). Plaintiffs have failed to provide any facts to establish what the precise dangers and/or hazards were that Defendant was required to warn against. Simply stating the dangers and/or hazards "related to medical care," without more, is overbroad and conclusory. In addition, Plaintiffs failed to provide any facts relating to how Defendant knew or should have known of such dangers and/or hazards, which is necessary in order to state a plausible claim on a failure to warn theory. Based upon well-established case law in this Circuit, there is no duty to warn where the dangers are open and obvious. Plaintiffs have failed to allege that any danger was not open and obvious to Plaintiff. Plaintiffs have not sufficiently al-

leged stated a plausible claim for negligence based upon a failure to warn theory under *Twombly* and *Iqbal*. Therefore, the Court grants Defendant's Motion to Dismiss without prejudice as it relates to Plaintiffs' failure to warn theory.

### C. Proximate Cause

■ Defendant argues that Plaintiffs have wholly failed to allege proximate causation because Plaintiffs do not identify how Defendant's alleged breaches resulted in Plaintiffs' injuries. In response, Plaintiffs point to paragraph 35 of their Complaint, where they allege "Defendant's failures and delay in taking reasonable responsive measures to Plaintiff's condition proximately caused the prolonged loss of oxygen to Plaintiff's vital organs and concurrent injury." D.E. 1 ¶ 35. Furthermore, Plaintiffs allege that they incurred the following damages because of Defendant's negligence: (a) Plaintiff suffered respiratory arrest/cardiopulmonary arrest resulting in anoxic brain injury; (b) Plaintiff incurred extensive medical expenses and will continue to incur extensive medical expenses for the rest of his life; (c) Plaintiff lost the benefit of the net accumulations that he would have continued to earn; and (d) Plaintiff suffered permanent mental and physical injury, anguish, pain and suffering, and capacity to enjoy life. *Id.* ¶ 45(a)-(d). In a negligence claim, a plaintiff must plead that the defendant's breach of duty actually and proximately caused the plaintiff's injury. *See Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1566 (11th Cir. 1985) ("Fault in the abstract is not sufficient. To produce liability, the acts of negligence ... must be a contributory and proximate cause of the accident."). For purposes of this motion to dismiss, the Court is satisfied that Plaintiffs have sufficiently alleged proximate causation. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant, NCL (Bahamas) Ltd d/b/a Norwegian Cruise Lines' Motion to Dismiss Plaintiffs' Complaint (D.E. 10) is GRANTED IN PART AND DENIED IN PART. Count I is DISMISSED WITHOUT PREJUDICE. Plaintiffs are granted leave to amend to correct the deficiencies contained within this Order. Plaintiffs SHALL file their Amended Complaint on or before **Wednesday, <u>April 13, 2016</u>**.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of April, 2016.